THE ROYAL FRATERNAL UNION v. MONROE L. CROSIER.

No. 13,773.   (78 Pac. 162.)

SYLLABUS BY THE COURT.

1. PLEADING AND PRACTICE — *Ultra Vires Not a Defense under a General Denial.* Under an answer consisting solely of a general denial a corporation cannot avail itself of the defense of want of power to make a contract upon which it is sued, where such incapacity does not appear from the petition.

2. ———— *Justice's Court — Answer Limits the Issues.* Although in justice-court practice the defendant is not required to file an answer, if he does so it will limit the issues as under the ordinary rules of pleading.

Error from Leavenworth district court; JAMES H. GILLPATRICK, judge. Opinion filed October 8, 1904. Affirmed.

*J. C. Petherbridge,* and *Arthur M. Jackson,* for plaintiff in error.

*Atwood & Hooper,* and *Lee Bond,* for defendant in error.

The opinion of the court was delivered by

MASON, J. : Monroe L. Crosier sued the Royal Fraternal Union in the city court of Leavenworth. His amended bill of particulars, upon which the case was tried, alleged in substance that on March 17, 1902, while holding an insurance policy issued by the Mutual Life and Casualty Association, he was injured by an accident under such circumstances that he became entitled to recover indemnity ; that on June 23, 1902, in pursuance of an arrangement between such association and the defendant, the latter assumed the obligation to plaintiff that had arisen under this policy, accepted from him its surrender, and issued to him one of its own in lieu thereof ; that due proofs of damage had been made to defendant at its request. The defendant filed a pleading, designated as an answer, consisting only of a general denial. Upon trial plaintiff recovered judgment for $225. Defendant appealed to the district court, where a trial upon the same pleadings resulted in a judgment for the same amount, from which error is now prosecuted.

The defendant was a corporation, and from its constitution and by-laws, which were introduced in evidence, it appears that it was carried on for the sole benefit of its members and their beneficiaries, and not for profit, and was a fraternal beneficiary association within the definition of section 1 of chapter 147 of the Laws of 1899. (Gen. Stat. 1901, §§ 3568, 3569, portions of which are transposed by a typographical error.)

It is not within the power of such a corporation to assume liability for the payment of a claim for disability benefits that has already accrued against a similar association. (*Bankers' Union v. Crawford,* 67 Kan. 449, 73 Pac. 79.) Plaintiff in error contends

that for this reason the judgment should be reversed. But the bill of particulars did not disclose that the defendant was a fraternal beneficiary association, as defined by the statute cited. Plaintiff set out in full the contents of the insurance policy, or benefit certificate, issued by defendant, which indicated a plan of operation embracing some social features, but contained nothing necessarily inconsistent with a purpose to do business for profit. From anything that appeared from the plaintiff's pleading, therefore, the defendant's organization might have been of such a character that it could lawfully make such a contract as that in issue. In this situation it was incumbent upon defendant, in order to avail itself of the defense of *ultra vires*, to plead it specially. (6 Thomp. Corp. § 7619; 5 Encyc. Pl. & Pr. 95, 96; Am. Dig., 1903 B, § 184c, p. 1062.) It is true that, the case having been brought in the city court, where the practice is the same as before a justice of the peace, it was not necessary that the defendant should file any pleading at all; but since it elected to file an answer, the plaintiff was entitled to treat it as a disclosure of all grounds of defense to be relied upon, and it would be a manifest injustice not to apply the ordinary rules of pleading. The general denial raised no issue as to the capacity of the defendant to make the contract; the principle invoked is, therefore, not available.

Another defense suggested was based upon the failure of plaintiff to resort to arbitration before suing, under a provision of defendant's by-laws; but this, likewise, is a matter not open to inquiry under the pleadings. (4 Joyce, Ins. § 3691.)

Various assignments of error relating to rulings in the admission and rejection of evidence are argued,

but they are not of a character to require detailed discussion. No material error is found in them.

The plaintiff alleged that the two insurance associations had been consolidated, and defendant introduced evidence to establish that no consolidation had been made under the statute. This was not conclusive against plaintiff, for his allegation did not necessarily imply a formal union of this character. There was sufficient evidence to support the finding that the defendant had assumed the liability that had accrued against the other company.

Complaint is made that the motion for a new trial was overruled without due opportunity's being given defendant for argument, but the record does not bear out the claim.

The judgment is affirmed.

All the Justices concurring.