(No. 5069. December 8, 1928.)

HARLEY M. HUDSON, Respondent, v. KOOTENAI FOX FARMS COMPANY, a Corporation, Appellant.

[272 Pac. 704.]

James F. Ailshie, Edward H. Berg and E. H. Hillman, for Appellant.

Lynn W. Culp, for Respondent.

BUDGE, J.—Respondent brought this action to foreclose two mortgages, covering real and personal property, given by appellant corporation to secure moneys advanced to it. Respondent was the president of the corporation when the moneys were advanced, and one Leonard the secretary. After admission of service of the complaint by the secretary and a pretended waiver by him of the right of the corporation to appear and answer, a decree of foreclosure was entered in favor of respondent, upon submission of his proof, and he took immediate possession of the real and personal property covered by the mortgages, excluding from the management thereof the caretaker and manager of the corporation. Thereafter, upon motion, the judgment in favor of respondent was vacated and the execution recalled. An amended complaint was filed by respondent, to which an answer was filed by appellant corporation, as well as a cross-complaint seeking damages against respondent for alleged injuries suffered to the property by reason of respondent's taking possession thereof and excluding from

the management the regular caretaker of the corporation. A demurrer to the cross-complaint and a motion to strike the same were denied, but some time thereafter, when the case was called for trial before another judge, the cross-complaint was stricken. The case then proceeded to trial, and a decree was subsequently entered in favor of respondent, from which this appeal is prosecuted.

It is insisted that the court erred in striking appellant's cross-complaint from the files. C. S., sec. 6699, provides:

"Whenever the defendant seeks affirmative relief against any party, relating to or depending upon the contract or transaction upon which the action is brought, *or affecting the property to which the action relates,* he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint . . . . "

The damages sought to be recovered under the cross-complaint are such as are alleged to have arisen out of a trespass or injury to the property covered by the mortgages; and the question is, whether the filing of the cross-complaint was proper under the facts of this case.

A cross-complaint is restricted to matters which are related to or depend upon the contract or transaction upon which the main case is founded or affect the property to which the action relates. (*Hunter v. Porter,* 10 Ida. 72, 77 Pac. 434.) The alleged trespass forming the basis of appellant's cause of action, as set forth in its cross-complaint, was the ousting of the corporation's caretaker and manager from the supervision and care of the animals covered by the chattel mortgage and the resultant loss therefrom, which is alleged to have occurred following entry of the void judgment and decree of foreclosure; and would seem to fall within the provisions of C. S., sec. 6699, permitting the filing of a cross-complaint "whenever the defendant seeks affirmative relief against any party . . . . affecting the property to which the action relates . . . . "

The filing of the cross-complaint resulted in two interrelated and consolidated proceedings, in which the plaintiff

was seeking to recover the amount alleged to be due him and in which the defendant was seeking to recover any damages sustained to the property affected by the action. There were, therefore, three chief ends to be served,—to determine the amount due the plaintiff, if any; to decide whether the defendant was entitled to damages by reason of the alleged wrongful acts of plaintiff; and to obtain a complete determination between the parties of all the matters in dispute. "The court, having acquired jurisdiction of the parties and the subject matter, will proceed to determine all questions involved. 'The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others, or by saving their rights.' (Rev. Stats., sec. 4113, now C. S., sec. 6657.) The purpose of the code is not only to simplify proceedings, but to avoid, as far as may be, a multiplicity of suits." *Willman v. Friedman,* 4 Ida. 209, 299, 95 Am. St. 59, 38 Pac. 937, wherein it was held that upon a suit to recover the purchase price of property, a counterclaim or cross-complaint may be set up for damages caused on account of a wrongful attachment issued and levied to secure such purchase price. See, also, *Waugenheim v. Graham,* 39 Cal. 169. We have reached the conclusion that the filing of the cross-complaint was proper and that it should not have been stricken. (*Willman v. Friedman, supra; Sandstrom v. Smith,* 12 Ida. 446, 86 Pac. 416; *Penninger Lateral Co. v. Clark,* 22 Ida. 397, 126 Pac. 524; *Wollan v. McKay,* 24 Ida. 691, 135 Pac. 832; *Tage v. Tage,* 36 Ida. 472, 211 Pac. 548.)

Numerous rulings of the trial court with reference to the notes and mortgage made the basis of recovery in respondent's second cause of action are assigned as error, appellant objecting particularly to the failure of respondent to show authority for the execution of the instruments and the court's refusal to permit it to introduce evidence to show want of authority. The answer of appellant corporation is insufficient to permit it to question the validity of the instruments upon the grounds urged. Respondent's second cause of action alleged the execution of two promis-

sory notes by appellant corporation, for a valuable consideration to it paid, one of which was delivered to respondent, the other made payable to the order of Suye Muramatsu and by the latter assigned to respondent, and the execution and delivery of a mortgage to secure the payment of both notes. Appellant's answer admitted an indebtedness to respondent but denied, for lack of sufficient knowledge or information upon which to base an answer, the amount alleged to be due, and denied ''both generally and specifically each and every allegation of the said pretended second cause of action except as specifically admitted . . . . ''

No want of authority of the officers of the corporation executing the instruments is shown on the face of the complaint, and, this being a matter of defense, it must be specially pleaded by the corporation. (14a C. J., p. 848, sec. 2972, and cases cited under note 73; 7 R. C. L., p. 629, sec. 628; 5 Thompson on Corporations, 3d ed., p. 98, sec. 3267; 4 Fletcher Cyc. Corporations, p. 4632; *German Sav. Inst. v. Jacoby*, 97 Mo. 617, 11 S. W. 256, 259; *Westchester Mtg. Co. v. McIntire*, 174 App. Div. 446, 161 N. Y. Supp. 390; *McCormick v. Unity Co.*, 239 Ill. 306, 87 N. E. 924; *Royal Fraternal Union v. Crosier*, 70 Kan. 85, 78 Pac. 162; *Sargent v. Chapman*, 12 Colo. App. 529, 56 Pac. 194; *Hardy v. Black Mammoth Mining Co.*, 47 Nev. 275, 220 Pac. 241.) However, a majority of the court is of the opinion that this objection was waived by respondent by failure to urge it at the trial and by voluntarily assuming the burden of proving authority and proceeding upon the theory that authority of the officers of the corporation to execute the instruments was in issue. (*Catholic Foreign Mission Society v. Cussani*, 215 N. Y. 1, Ann. Cas. 1917A, 479, 109 N. E. 80.) In such view, the court erred in excluding evidence offered by appellant to prove want of authority for the execution of the instruments under the second cause of action.

It is contended that the court erred in failing and refusing to hear evidence relative to the identity of the

property covered by the mortgage and in including within the decree of foreclosure 30 head of foxes. It is argued that satisfactory proof should have been furnished to show that the foxes directed to be sold were the ''increase'' of those originally mortgaged, supposedly upon the theory that some of the foxes directed to be sold had not been bred or born at the time the mortgage was given. The mortgage specified ''30 head of registered silver foxes and increase therefrom and all replacement thereof . . . . and all other personal property of every kind or nature soever owned by mortgagor or hereafter acquired by purchase, increase, substitution or exchange and situated upon the above described premises.''

''A mortgage may be made to cover future-acquired property of the mortgagor, when an intention to that effect clearly appears from the face of the instrument, and it will be enforced in equity against the mortgagor, and all others except purchasers for value without notice.'' (*Dover Lumber Co. v. Case,* 31 Ida. 276, 170 Pac. 108.) No rights of creditors other than the mortgagee are involved in this action.

The findings and conclusions of the trial court in so far as pertaining to the right of recovery by respondent on his first cause of action will stand; entry of judgment thereon, however, to abide the result of a retrial as to respondent's second cause of action and the issues raised under appellant's cross-complaint and the answer thereto, hereby reinstated; the court first to hear and dispose of the equitable cause set forth in respondent's second cause of action before proceeding to try the issues at law under appellant's cross-complaint. (See *Penninger Lateral Co. v. Clark,* 22 Ida. 397, 126 Pac. 524.)

The cause is remanded for further proceedings in accord with these views. Costs to appellant.

Wm. E. Lee, C. J., Givens, J., and Hartson, D. J., concur.

TAYLOR, J., Concurring in Part and Dissenting in Part.—I disagree with the holding that it was necessary for defendant to plead lack of authority of the officers of the corporation, for two reasons: (1) The point was not raised in the lower court or here by assignment, brief, or argument, or in any way, and is voluntarily raised by this court, and unnecessary of decision; (2) I think the verified answer raised the issue, and the holding wrong as a matter of law. Except upon the foregoing point, I concur.