(May 2, 1899.)

## MILLER v. HUNT.

[57 Pac. 315.]

APPEAL—ORDER SUSTAINING DEMURRER—COUNTERCLAIM.—An order sustaining a demurrer to a counterclaim set forth in an answer may be reviewed on an appeal taken from the final judgment in the action by the defendant.

FORECLOSURE—COUNTERCLAIM SET FORTH IN ANSWER.—In an action by the mortgagee to foreclose his mortgage, the mortgagor may, in his answer, set forth a counterclaim for purchase money due him from the mortgagee on bargain and sale of realty, and it is reversible error to sustain a demurrer to such counterclaim on the ground that there is "no relation or connection between the subject- matter set out in plaintiff's complaint and the said counterclaim."

INSURANCE PREMIUMS.—Insurance premiums voluntarily paid by the mortgagee, who insures the mortgaged property, cannot be recovered by him in the absence of a provision in the mortgage authorizing him to insure the mortgaged property at the expense of the mortgagor.

(Syllabus by the court.)

APPEAL from District Court, Idaho County.

James De Haven, for Appellant.

The counterclaim arose out of the same transaction set forth in the plaintiff's complaint. It is a cause arising on contract and existed at the commencement of the action. It is also a cause of action in favor of defendant, William Hunt, and against the plaintiff. The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others. (Rev. Stats., sec. 4113; *First Nat. Bank of Hailey v. Bews*, 3 Idaho, 486, 31 Pac. 816.) In an action to foreclose a mortgage, in a court of equity, the mortgagor is entitled to set off a debt due him from the complainant, in any case where a setoff would be allowed in an action at law. (*Richmond v. Lattin*, 64 Cal. 273, 30 Pac. 818; *Hunt v. Chapman*, 51 N. Y. 555; Wiltsie on Mortgage Foreclosure, sec. 376; Jones on Mortgages, sec. 1496; Pingrey on Mortgages, sec. 1766.) In the absence of a clause in the mort-

gage expressly providing therefor, insurance premiums paid by the mortgagee for policies insuring the premises cannot be included in the decree of foreclosure. (Ency. of Pl. & Pr. 432, and authorities cited; *Iowa Homestead Co. v. Des Moines etc. R. R. Co.,* 17 Wall. (U. S.) 153.)

J. F. Ailshie and R. E. McFarland, for Respondent.

The note and· mortgage pleaded are a joint and not a joint and several obligation, and not subject to a counterclaim in favor of appellant alone. (*Roberts v. Donovan,* 70 Cal. 108, 9 Pac. 180, affirmed in 11 Pac. 599; *McGuire v. Lamb,* 2 Idaho, 378, 17 Pac. 749; *Goldstein v. Kraus,* 2 Idaho, 294, 13 Pac. 232; *Swanholm v. Reeser,* 3 Idaho, 476, 31 Pac. 804.)

QUARLES, J. (After Stating the Facts.)—There is nothing in the motion to dismiss the appeal requiring extended. consideration. The principal ground of the motion is that the order sustaining plaintiff's demurrer to the counterclaim set forth in the answer of the defendant cannot be reviewed· on appeal from the final judgment by the defendant. This ground is not tenable. Such order may be reviewed on appeal, and, if the order sustaining such demurrer is erroneous, the judgment must be reversed, where the defendant stands on his · pleading, and appeals from the final judgment.

Only two questions arise on the appeal upon its merits. The mortgagee, without any stipulation in the mortgage authorizing him so to do, insured the mortgaged premises; and the court awarded him, in its decree, the amount of premium (twenty dollars) paid by him for the policy of insurance. This was error. The payment of the premium by the mortgagee was voluntary, and he was not entitled to recover it back from the defendants.

The second and remaining question arises from the action of the trial court in sustaining the demurrer of the plaintiff to that part of the defendants' answer setting forth a counterclaim. The defendant, by way of counterclaim, averred that on August 31, 1896, he (the defendant, William Hunt,) and his wife, the defendant, Martha E. Hunt, bargained, sold, and

conveyed to the plaintiff a tract of land situated in the state of Kansas, for which the said plaintiff agreed to pay to the defendants the sum of $600 on or before December 25, 1896; that said plaintiff had paid to the defendants thereon the sum of $295.95, and no more, leaving due thereon since December 25, 1896, the sum of $304.05, which defendants sought to offset against the mortgage debts of plaintiff. The trial court apparently sustained the demurrer on the ground that "no relation or connection between the subject matter set out in plaintiff's complaint and the said counterclaim" existed. The ruling of the court was error. It was not necessary that the counterclaim should grow out of, or be connected with, the cause of action. The action sued on arose upon contract. The counterclaim set forth in the answer also arose upon contract, existed at the commencement of the action, and could properly be pleaded under the provision of subsection 2 of section 4184 of the Revised Statutes. But it is contended by the respondent that, inasmuch as the mortgages and notes upon which the action is founded were executed by the defendant, William Hunt, and his wife, Martha E. Hunt, their liability is joint, and for that reason the said counterclaim, which ran to the husband alone, cannot be properly pleaded in this action. This contention is not well founded. There is no allegation in the complaint showing that the mortgage debts were created for the benefit of the separate estate of the wife. This being true, the presumption is that such debts were community debts, for which the husband alone is personally liable. The plaintiff and the court below acted on this presumption, as the decree provides for entering a deficiency judgment against the husband alone. The demurrer to his counterclaim should have been overruled, and the defendant permitted to prove his counterclaim. The plaintiff should have had judgment foreclosing his mortgages for the amount due thereon, less whatever may be due from him, with legal interest from maturity, on the bargain and sale contract set forth in defendant's counterclaim. Plaintiff should also recover a reasonable attorney fee in his first cause of action, and twenty-five dollars attorney fee in the last cause of action, in accordance with the stipulations

in the two mortgages. The judgment is reversed, and the cause remanded for further proceedings in accord with the views herein expressed. Costs of appeal awarded to the appellants.

Huston, C. J., and Sullivan, J., concur.