PHILIP EBERICH vs. JOEL H. SOLOMON.

Third Judicial District, Bridgeport, October Term, 1930.
MALTBIE, HAINES, HINMAN, BANKS AND AVERY, Js.

Argued October 30th, 1930—decided January 13th, 1931.

*Sully I. Berman,* with whom, on the brief, was *Alfred L. Finkelstein,* for the appellant (defendant).

*Michael V. Blansfield,* for the appellee (plaintiff).

BANKS, J.   On June 2d, 1927, the defendant gave the plaintiff his promissory note for $5500, secured by a second mortgage upon real estate in Waterbury. The note was payable $100 every three months, beginning three months from its date, until eight years, when the balance of the principal was payable on demand. Both the note and the mortgage contained a provision that upon default in any payment of principal or interest, interest on the prior mortgage, or taxes, assessments or insurance premiums, for a period of more than ten days, the unpaid balance of the note should become due and payable on demand. The defeasance clause of the mortgage read as follows: "Now therefore, if said note should be well and duly paid according to its tenor and effect; and if all taxes assessed against said premises or this loan, and all assessments levied against said premises shall be kept paid as respectively assessed and levied and the grantee saved harmless therefrom, and if said premises shall be kept insured to the benefit of the grantee in companies and amounts satisfactory to said grantee, then this deed shall be null and void; otherwise good and valid."   There was a first mortgage of $10,000 upon the property and at the time this mortgage was given to the plaintiff the property was insured by a policy in the sum of $10,-000 which was indorsed so that any loss would be paid to the first mortgagee and to the plaintiff as second mortgagee as their interests might appear.   At that time the defendant also carried a second insurance

policy of $5000 upon the property. In October, 1927, the plaintiff demanded an insurance policy to protect his mortgage interest and, after some controversy, the defendant caused an indorsement to be made upon the $5000 policy so that the mortgage interest of the plaintiff would be protected, and forwarded the policy itself to the plaintiff. This policy expired on December 12th, 1928. The defendant failed to renew it until January 4th, 1929, when he took out a new policy for $5000, which contained a clause protecting the mortgage interest of the plaintiff, and which he placed in his safe without informing the plaintiff that it had been written. On February 11th, 1929, the plaintiff, not having received a policy to protect his mortgage interest, caused a $5000 policy to be written and a bill for the premium to be sent to the defendant who refused to pay it. On March 1st, 1929, the plaintiff, who did not then know of the existence of the policy of January 4th, notified the defendant that because of his failure to pay the premium on the policy of February 11th, the full amount of the mortgage fell due and that he was commencing foreclosure. On March 5th the defendant notified the plaintiff that he had taken out a policy to protect the latter's interest as mortgagee and that he would send it to him upon request, but the plaintiff nevertheless commenced this action on March 13th. On May 1st, 1928, a sprinkling assessment of $2.40 against the premises became due and payable, but was not paid by the defendant until March 21st, 1929, and on January 25th, 1928, a sewer assessment of $100 became due and payable but was not paid by the defendant until October 28th, 1928.

The court found that the unpaid balance of the note was due and payable and rendered its judgment of foreclosure for $5253.58, the amount so found due. There was no default by the defendant in the payment of

either the principal or interest of this note, and the unpaid balance of the note was not due and payable when this action was brought unless it became so under the terms of the acceleration clause contained in the note and mortgage. That clause provided that the unpaid balance of the note should become due and payable upon a default in the payment of insurance premiums for a period of more than ten days after they became due. It did not provide for the acceleration of the due date of the note by reason of the failure of the mortgagor to keep the property insured for the protection of the plaintiff's mortgage. The defeasance clause provided that "if said premises shall be kept insured to the benefit of the grantee in companies and amounts satisfactory to said grantee, then this deed shall be null and void; otherwise good and valid." This manifestly had no reference to the time of payment of the debt, and did not of itself have the effect of accelerating the due date of the note. A failure to keep the property insured does not give a mortgagee the right to an immediate foreclosure for the unpaid principal of the note in the absence of a clause in the note or mortgage providing that the principal shall become due and payable upon such failure. 1 Wiltsie on Mortgage Foreclosure (4th Ed.) p. 97, § 68; 41 Corpus Juris, pp. 857, 858, § 1046; *Williams* v. *Townsend,* 31 N. Y. 411; *Kirk* v. *VanPetten,* 38 Fla. 335, 21 So. 286; *Harshaw* v. *McKesson,* 66 N. C. 266; *Johnson* v. *Northern Minnesota Land & Investment Co.,* 168 Iowa, 340, 150 N. W. 596; *First National Bank* v. *Kirby* (Mo.) 175 S. W. 926. The defeasance clause of the mortgage did impose upon the mortgagor the primary duty of keeping the property insured for the benefit of the mortgagee. Upon his failure to do so the plaintiff had a right to take out insurance himself for the protection of his security, at the expense of

the defendant. 41 Corpus Juris, p. 641, § 625, p. 643, § 627, p. 849, § 1030; 1 Wiltsie on Mortgage Foreclosure (4th Ed.) p. 97, § 68. He could then charge the premium upon the policy to the defendant, and the latter's failure to pay it within ten days would constitute a default under the acceleration clause making the principal of the note due and payable on demand. But before the plaintiff proceeded to take out a policy at the expense of the defendant it was his duty at least to inquire whether the latter had not already insured the property as he was required to do. If that was done, and the plaintiff's security thus protected, he could not by taking out an additional policy impose upon the defendant an obligation to pay the premiums upon that policy. When the plaintiff took out the $5000 policy on February 11th his mortgage interest was already protected by the policy taken out by the defendant on January 4th. True, the defendant had not delivered the policy to him, but failure to do so does not constitute a default unless the mortgage expressly so requires. *Williams* v. *Wisner Bldg. Co.,* 200 N. Y. Supp. 802. It is not found that the plaintiff requested the defendant to renew the original $5000 policy when it expired, but he proceeded to take out a new policy himself without ascertaining whether or not the defendant had done so. On March 5th the defendant notified the plaintiff that he had taken out a policy to protect the plaintiff's interest as mortgagee and the latter on March 13th commenced this action, having notified the defendant on March 1st that he was doing so because of the defendant's failure to pay the insurance premium on the policy to protect the plaintiff's mortgage. The defendant had paid the premium upon the policy which he had himself taken out to protect the plaintiff's mortgage, and the plaintiff knew of the existence of that policy, and that his in-

terest was protected, before he started foreclosure. The defendant was not, under these circumstances, bound to pay the premium upon the policy taken out by the plaintiff, and his failure to do so was not a breach of his covenant in the mortgage.

The purpose of an acceleration clause in a mortgage is to protect the mortgagee from loss or impairment of his security. A majority of the courts accordingly hold that, though there has been a failure to pay taxes or assessments when due, if payment or tender is made before foreclosure is started, it will bar the right to foreclosure because of such failure. 2 Jones on Mortgages (8th Ed.) p. 1006. See cases cited in 31 A. L. R. 733, and 41 A. L. R. 732. The sewer assessment of $100 was paid long before this foreclosure was started, and we agree with the trial court in its opinion that the delay in paying this and the sprinkling assessment of $2.40 which was not wilful, and did not endanger the plaintiff's security, while it was a breach of the condition of the mortgage, was one which, under the circumstances of the case, a court of equity might properly disregard. Since the note was not due and payable when this action was commenced, the judgment of the court finding that $5253.58 was due from the defendant to the plaintiff, and granting a foreclosure for that amount, cannot be sustained.

There is error, the judgment is set aside, and the cause remanded with direction to the Court of Common Pleas to render judgment in favor of the defendant.

In this opinion the other judges concurred.