Mary Russell Lewis et al., Trustees (Will of
Frederic E. Lewis) *v*. Ely Culbertson et al.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

Argued April 7th—decided May 5th, 1938.

*Sheldon B. Smith,* with whom was *Robert B. Devine,* for the appellants (plaintiffs).

*William J. Burke,* for the appellees (defendants).

Avery, J.   The material facts of this case are these: In 1934, the defendant Ely Culbertson purchased from the plaintiffs an estate in Ridgefield consisting of land, buildings, household furniture, live stock, farm utensils and tools for the sum of $120,000 of which $22,000 was paid in cash and the balance, $98,000, by a note secured by a mortgage upon the real and personal property.   From the date of the purchase until the latter part of 1936, Culbertson carried fire insurance covering his own interest and the interest of the plaintiffs as mortgagees upon the building and furniture to the extent of $141,600, and paid the premiums. On August 24th, 1936, a fire occurred and an outbuilding was burned.   This building has never been rebuilt and the amount of fire insurance recovered from the companies was $10,000.   This amount was received by Culbertson and later turned over to the plaintiffs and applied by them in reduction of the mortgage debt.

After the fire the insurance companies cancelled the policies covering the premises. The first of such cancellations became effective October 31st, 1936, notice having been given October 21st. On October 22d, 1936, one of the plaintiffs wrote Culbertson advising him of the cancellation notice and requesting that the insurance be replaced. Upon receipt of this information, Culbertson obtained fire insurance on the buildings and furniture in the amount of $80,000, covering only his interest and not the interest of the plaintiffs as mortgagees. On November 13th, 1936, the plaintiffs procured fire insurance upon the buildings and furniture to the extent of $98,700, and on December 23d, 1936, procured additional insurance thereon to the extent of $32,900, making a total of $131,600. The premiums on these two amounts of insurance were $253.13 and $84.37 respectively. The insurance so procured covered the interest of the plaintiffs as mortgagees and also of Culbertson as owner. On December 7th, 1936, Culbertson refused by letter to obtain insurance covering the plaintiffs' interest as mortgagees; and thereafter on January 12th, 1937, the plaintiffs demanded that he reimburse them in the amount of $253.13 for the insurance premium paid, and notified him that unless he made such payment on or before January 20th, 1937, they reserved the right to declare the entire principal of the mortgage due. On June 7th, the plaintiffs notified Culbertson that they were exercising their option to demand payment of the note and mortgage because of his failure to pay them the insurance premiums, and upon his failure to make such payment on July 14th, they commenced the present suit.

On May 13th, 1937, Culbertson conveyed to "The Culbertsons, Incorporated," the mortgaged premises subject to mortgages and incumbrances of record. No

notice was given the plaintiffs of this conveyance. On the trial, the defendants were allowed to offer in evidence over the objection of the plaintiffs a copy of the minutes of the corporation, "The Culbertsons Incorporated" dated May 1st, 1937, showing a vote of the directors of the corporation to assume the mortgage on the Culbertson property. The plaintiffs had no notice or knowledge of this minute until the time of trial. The mortgage note provided that "upon default in the payment of any installment upon the principal or interest on this or any prior mortgage note, or taxes, assessments or insurance premiums for a period of five days after the same shall become due and payable, or upon failure to obtain the written assumption and agreement to pay this note according to its terms by the grantee in the event of a conveyance, then the entire balance remaining unpaid hereon shall immediately become due and payable at the option of the holder hereof." The plaintiff relies upon two grounds of default: (a) That the defendant did not pay the insurance premiums for the protection of the mortgagees' interest, (b) that a second default occurred when the deed was given to the corporation without the grantee assuming the payment of the mortgage.

Our law has recognized for many years the right of the mortgagee to reimbursement for certain expenditures made in protecting his security in the mortgaged premises. General Statutes, § 4731, provides in part: "Judgment may be given for the recovery of taxes assessed and paid upon the loan, and the insurance upon the estate mortgaged to secure the loan, whenever the borrower has agreed in writing to pay such taxes or insurance or both." General Statutes, § 5081, provides: "MORTGAGE DEBT TO INCLUDE WHAT. Premiums of insurance, taxes and assessments paid by the mortgagee, and the payment of interest or instalments

of principal due on any prior mortgage or lien by any subsequent mortgagee or lienor of any property to protect his interests therein, shall be a part of the debt due such mortgagee or lienor." Payments of any of these items by the mortgagee to protect his interest are made by the statute a part of the debt. *Sperry* v. *Butler,* 75 Conn. 369, 375, 53 Atl. 899. In that case no claim was made under the statute but we said in reference to payments made under it: "Payments so made do not furnish a foundation for a foreclosure, independently of the mortgage debt. The statute makes them a part of the debt, and until there is some right of foreclosure of the debt there can be none for its incidents."

In *Eberich* v. *Solomon,* 112 Conn. 498, 501, 152 Atl. 823, the defeasance clause in the mortgage required the mortgagor to maintain insurance upon the property for the benefit of the grantee in amounts and companies satisfactory to the grantee. In that case we said: "A failure to keep the property insured does not give a mortgagee the right to an immediate foreclosure for the unpaid principal of the note in the absence of a clause in the note or mortgage providing that the principal shall become due and payable upon such failure." There is no such clause in the instant case. The acceleration clause, however, gives the mortgagees the option to declare the entire debt due in case of default in the payment of insurance premiums. Considered in connection with the statute, the fact that the mortgagees would have no interest in requiring the payment of the premiums upon any policies not for their benefit and the practical construction placed upon the clause by the parties under which the mortgagor did in fact insure the property for the benefit of the mortgagees until the controversy between them arose, this acceleration clause must be

construed impliedly to require the mortgagor to carry sufficient insurance upon the property for the benefit of the mortgagees to reasonably protect the mortgagees' interest. As this agreement is necessarily implied in the terms of the note there is a sufficient compliance with the provision of § 4731 as to a written promise. Upon the failure of the mortgagor to maintain such insurance the mortgagees had the right to take out insurance sufficient to reasonably protect their interests; and upon failure of the mortgagor to make reimbursement for the premiums so paid the mortgagees were entitled to exercise their option to declare the entire debt due. *Eberich* v. *Solomon,* supra. Upon this record no question is presented as to the reasonableness of the amount of insurance secured by them.

The sale or gift of an equity of redemption casts upon the grantee no obligation to the mortgagees to pay the mortgage debt, unless he agrees to do so. *Norwich Gas & Electric Co.* v. *Norwich,* 76 Conn. 565, 584, 57 Atl. 746; *Haskins* v. *Young,* 89 Conn. 66, 69, 92 Atl. 877; *Valente* v. *Costantino,* 116 Conn. 386, 388, 165 Atl. 210. The acceleration clause provided for "the written assumption and agreement to pay this note." This agreement in the acceleration clause is directly referable to the provisions of § 5489 giving the mortgagee the right to sue in his own name upon the promise where the property is conveyed subject to a mortgage, "and in such conveyance there shall be a provision that the grantee shall assume and pay such incumbrance." The purpose of the provision in the acceleration clause was to put the mortgagees in a position to bring an action by virtue of this statute. The conveyance from the defendant to the corporation expressed that the property was conveyed subject to mortgages and incumbrances of record. The entry in

the records of "The Culbertsons, Incorporated" of a vote of the directors of the corporation to assume the mortgage, though made prior to the passing of title, was not communicated to the plaintiffs until after suit had been brought. This vote, uncommunicated to the plaintiffs, did not put them in a position to bring an action and cannot be considered a "written assumption and agreement to pay" the note as required by the provision of the mortgage.

There is error and a new trial is ordered.

In this opinion, MALTBIE, C. J., and BROWN, J., concurred.

JENNINGS, J. (dissenting). The principal issue concerns the right of the plaintiffs to declare due and demand payment of the entire principal of the note and mortgage because of failure of the defendants to pay to them the amount of the premiums on $131,-600 of insurance taken out by the plaintiffs to protect their interest in a debt of $75,000. Neither the note nor the mortgage contained any provision requiring the mortgagor to maintain insurance for the benefit of the mortgagee, as in *Eberich* v. *Solomon,* 112 Conn. 498, 501, 152 Atl. 823, nor the quite usual agreement to pay insurance premiums, as well as taxes, on the property mortgaged to secure the note. The sole reference to insurance premiums was in the acceleration clause and this would be appropriate as supplemental to an agreement, such as those above mentioned, to insure or to pay insurance premiums. Unless there is such a covenant or agreement, however, the mortgagee cannot charge the mortgagor for the premiums on insurance obtained by the mortgagee for protection of his mortgage interest. *Snow* v. *Pressey,* 85 Me. 408, 414, 418, 27 Atl. 272; *Hamel* v. *Corbin,* 69 Minn. 223,

230, 72 N. W. 106; *Miller* v. *Hunt*, 6 Idaho 523, 524, 57 Pac. 315; *Clark* v. *Wilson*, 103 Mass. 219, 221; 1 Wiltsie, Mortgage Foreclosure (4th Ed.) p. 706; 41 C. J. 643; 19 R. C. L. 404; 1 Jones, Mortgages (8th Ed.) § 490. I am unable to agree with the majority opinion in construing the acceleration clause, considered either by itself or with the statutes (General Statutes, §§ 4731, 5081), as impliedly requiring the mortgagors either to insure the property for the benefit of mortgagees or to reimburse the latter for premiums on insurance obtained by them for that purpose. Rather the situation of the plaintiffs seems comparable to that of the plaintiff in *Sperry* v. *Butler*, 75 Conn. 369, 53 Atl. 899, of whom it is said (PRENTICE, J.), p. 375, "he exercised the privileges of a free agent when he purchased a mortgage note payable ten years from date, and the security therefor, in which was no provision for the payment by the mortgagee of the taxes and assessments as a part of the condition." To imply the agreement as the majority opinion does seems to me to write a contract for the defendants which they neither signed nor effectively entered into. To enforce it imposes entirely unreasonable conditions upon them, especially in view of the disproportion of the amount of insurance to that of the debt.

As to the matter of the assumption agreement, it appears from the finding that exercise of the option to accelerate and demand payment was not activated thereby but was based, at the time, entirely upon failure to pay the insurance premiums. Therefore, whatever may be the legal status as to the efficacy of the vote of assumption it is not necessarily such as, in equity, to entitle the plaintiffs to foreclose. *Petterson* v. *Weinstock*, 106 Conn. 436, 446, 138 Atl. 433.

In this opinion HINMAN, J., concurred.