## Michael Lee, Inc. v. Children's Developmental Center, Inc.

*Daniel W. Shoemaker*, for plaintiff.

*Stuart M. Neely*, for defendant.

MacPHAIL, P. J., April 29, 1974.—Defendant has filed a motion for judgment on the pleadings in the within action of mortgage foreclosure. We may grant such motions only in clear cases and where a trial would be a fruitless exercise: Goldman v. McShain, 432 Pa. 61 (1968).

In its complaint, plaintiff describes, in paragraph 7, defendant's default as follows:*

"That said mortgage is in default because Defendants have failed and refused to insure the mortgaged premises or to keep the same insured under and pursuant to the terms and conditions of said mortgage and/or failed to include the mortgagee, Plaintiff herein,

---

*Plaintiff must set forth a specific averment of default. Pennsylvania Rule of Civil Procedure 1147(4).

as an insured of said insurance policy with a loss payable clause attached. And the defendant has further suffered losses and failed and refused to collect and/or deliver to the Plaintiff herein the proceeds of said losses."

Plaintiff avers that the failure to insure the mortgaged premises or to keep the same insured in accordance with the terms of the mortgage immediately accelerates the balance of principal and interest due on the mortgage debt.

It will readily appear from the complaint, answer and reply in this action that substantial issues of fact are raised, but we conclude that the issues raised by defendant's motion here are issues of law. The first of these issues is, does the language of the mortgage upon which plaintiff's suit is predicated authorize the acceleration of principal and interest immediately where defendant fails to insure the premises or deliver to plaintiff the proceeds of losses covered by insurance? Secondly, if the provisions of the mortgage do not authorize acceleration for those reasons, may plaintiff, nevertheless, institute a mortgage foreclosure proceeding?

The pertinent provisions of the mortgage are as follows:

"AND it is further understood and agreed, that the said party of the first part, its successors and assigns, will pay all taxes, municipal assessments and charges from time to time assessed against or upon said mortgaged premises forthwith when the same become due and payable, and will keep the buildings erected upon the said premises insured in some good and reliable fire insurance company or companies licensed to transact business in the Commonwealth of Pennsylvania, in the amount of at least Two Hundred Eighty Thousand and no/100 --- Dollars, and shall take no

insurance upon said buildings not marked for the benefit of the Mortgagees, and the policy or policies, with a proper mortgagee or loss payable clause attached, shall be delivered to and held by the said party of the second part, its successors or assigns, as collateral security for the payment of moneys secured hereby, and in case said party of the first part, its successors or assigns, shall neglect to procure such insurance, or shall neglect to pay said taxes, municipal assessments and charges forthwith when the same become due and payable, the said party of the second part, its successors or assigns, may take out such policy or policies in its own name, and may pay such taxes, municipal assessments and charges, and the premium or premiums paid therefor, and the sum or sums paid for such taxes, municipal assessments and charges as aforesaid, shall bear interest from the time of payment, and be added to and collected as part of the said principal sum and in the same manner.

"And it is further agreed and understood that in case default be made at any time in the payment of the principal debt or any installment of principal debt or interest, or any part thereof, or of any taxes, municipal assessments, charges or premiums of insurance aforesaid, for thirty (30) days after the same falls due as aforesaid, the whole of the said debt and interest and additions thereto as aforesaid shall, at the option of the said party of the second part, its successors or assigns, become due and payable forthwith; and thereupon an action of mortgagee foreclosure as now provided by Pennsylvania Procedural Rules 1141 to 1148, both inclusive, or other appropriate proceedings, now or hereafter prescribed by law, may forthwith be commenced and prosecuted to judgment, execution and sale, for the collection of the whole amount of the said debt and interest remaining unpaid, together with

all premiums of insurance, and all taxes, municipal assessments and charges, and all fees, costs and expenses of such proceedings, including attorney's commission of five per cent. of the penal sum . . . ."

In W. Pa. Nat. Bank v. Peoples Union Bank & Tr. Co., 439 Pa. 304 (1970), the court held, at page 307: "A mortgage is a formal document of a specific character, and should be strictly construed." In that case, it was held that a mortgage could provide for future advances and since the mortgage in issue in the case did not contain such a provision, the court would not construe it as one covering future advances.

In the case before us, it is apparent to us that the mortgagor was obligated to obtain insurance on the mortgaged premises in the sum of $280,000 for the benefit of the mortgagee with an appropriate mortgagee or loss payable clause attached. It is further provided that if the mortgagors did not obtain such insurance, the mortgagee could proceed to do so and charge the premiums therefor to the mortgagor as part of the principal sum due. Specifically, the default provisions upon which this suit is brought do *not* provide for any remedy on the part of the mortgagee other than its right to obtain the insurance and charge the premiums it pays to the mortgagor. A close reading of the acceleration clause contained in the mortgage will disclose that the whole of the debt becomes due and payable 30 days after default in the payment of (1) the principal debt or any installment of principal debt or interest, or any part thereof, or (2) any taxes, municipal assessments, charges or *premiums* of insurance. Whether by design or otherwise (the mortgage is a printed form), no mention is made in the mortgage of the application of the acceleration clause to the circumstances alleged as default on the defendant's part in the case now before us. Since the language of the

mortgage must be strictly construed, we hold that the conditions of default set forth in plaintiff's complaint are not conditions upon which the principal balance may be accelerated.

Next, we must consider whether such conditions of default would accelerate the principal balance due and authorize a foreclosure proceeding in the absence of specific language in the mortgage to that effect. Neither counsel has cited any Pennsylvania cases for our enlightenment and we have found none. However, in at least three other jurisdictions, it has been held that where the acceleration provision is not couched in language broad enough to include or apply to a covenant respecting insurance, then acceleration for default in conforming to the insurance coverage cannot be supported; that is to say, a mere breach of covenant to insure or pay over proceeds will not confer a right to immediate foreclosure in the absence of language in the mortgage authorizing foreclosure: Johnson v. Northern Minnesota Land & Investment Company, 168 Iowa 340, 150 N. W. 596 (1915); Eberich v. Solomon, 112 Conn. 498, 152 Atl. 823 (1931), and Brandtjen & Kluge, Inc. v. Pope, 28 Tenn. App. 679, 192 S. W. 2d 496 (1945). See also 41 C. J. 858, §1047; 55 Am. Jur. 2d 428, §383; and 142 A. L. R. 1122.

To our mind, the decisions in the jurisdictions mentioned are based upon a sound principle of general contract law. Where the provisions of the mortgage are to be strictly construed, then both parties are bound by the provisions of the mortgage and all rights and remedies must naturally flow from the terms of the mortgage, or not at all.

As we have previously noted, we consider the construction and interpretation of the provisions of the mortgage to be matters of law; hence, although there are substantial issues of fact raised by the pleadings,

those issues would not be reached at trial because plaintiff cannot proceed in an action of mortgage foreclosure under the provisions of the mortgage to which it is a party upon the conditions of default which it has asserted.

## ORDER OF COURT

And now, April 29, 1974, defendant's motion for judgment on the pleadings is granted.