## TIMOTHY R. E. KEENEY, COMMISSIONER OF ENVIRONMENTAL PROTECTION *v.* TOWN OF OLD SAYBROOK (15205)

Callahan, C. J., and Berdon, Norcott, Katz and Peters, Js.

Officially released January 21, 1997

*Jeremiah Donovan*, for the appellant (defendant).

*Richard F. Webb*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Joseph Rubin*, assistant attorney general.

PER CURIAM. In the original appeal in this case, we held that a municipality violates the Water Pollution Control Act; General Statutes § 22a-427;[1] and the Environmental Protection Act; General Statutes § 22a-14 et seq.; if the municipality, although it has not affirmatively

[1] General Statutes § 22a-427 provides: "Pollution or discharge of wastes prohibited. No person or municipality shall cause pollution of any of the waters of the state or maintain a discharge of any treated or untreated wastes in violation of any provision of this chapter."

caused water pollution, has engaged in prolonged conduct that manifests its intentional failure to abate a public nuisance. *Keeney* v. *Old Saybrook*, 237 Conn. 135, 160–66, 676 A.2d 795 (1996). We remanded the case to the trial court for an articulation with respect to whether the evidence produced at trial by the plaintiff, Timothy R. E. Keeney, commissioner of the department of environmental protection (commissioner), demonstrated that the defendant, the town of Old Saybrook (Old Saybrook), had intentionally failed to abate the public nuisance created by pollution emanating from septic systems in the town. Id., 167. On remand, the trial court articulated its finding that Old Saybrook's failure to abate pollution resulted from conduct by Old Saybrook that was intentional. Having reviewed the record and the supplemental briefs filed by the parties with respect to the propriety of this articulation, we conclude that, because the trial court's finding was not clearly erroneous, the judgment in favor of the commissioner, as previously modified, must be affirmed.

In its original memorandum of decision, the trial court found that Old Saybrook had caused water pollution "by not abating the pollution which it can best abate." (Internal quotation marks omitted.) *Keeney* v. *Old Saybrook*, supra, 237 Conn. 166. "The trial court grounded this finding in Old Saybrook's failure to implement the sewer avoidance program set forth in [various pollution abatement orders]. Specifically, despite its acquiescence in the validity of these orders, Old Saybrook has failed to implement the appropriate programs to inspect area septic systems, monitor contamination of area groundwater and surface waters, regulate the pumping of septic systems through a permit system, effect maintenance of septic systems by residential property owners through an enforcement system, and has failed to report its compliance with these orders to the commissioner. Furthermore, Old Saybrook has

failed to build a regional wastewater treatment facility without challenging the adequacy of the financial contributions to be made by neighboring towns or the scientific validity of the engineering study that had found that failing septic systems were polluting the Connecticut River in a manner that could be remedied best by the construction of such a regional wastewater treatment facility." Id., 166–67.

We concluded that the trial court's finding required articulation "with respect to whether Old Saybrook's continuing conduct over time in creating a public nuisance, in light of the various orders, rose to the level of intentional conduct under § 825 of the Restatement (Second) of Torts." Id., 167. Under the Restatement, "an interference with the public right, is intentional if the [municipality] . . . knows that it is resulting or is substantially certain to result from [the municipality's] conduct." 4 Restatement (Second), Torts § 825 (1979); *Keeney* v. *Old Saybrook*, supra, 237 Conn. 163. " 'It is the knowledge that the actor has at the time [the actor] acts or fails to act that determines whether the invasion [of the public right] resulting from [its] conduct is intentional or unintentional. It is not enough to make an invasion intentional that the actor realizes or should realize that [its] conduct involves a serious risk or likelihood of causing the invasion. [The actor] must either act for the purpose of causing it or know that it is resulting or is substantially certain to result from [the actor's] conduct.' . . . 4 Restatement, supra, § 825, comment c. If the invasion results from continuing or recurrent conduct, 'the first invasion resulting from the actor's conduct may be either intentional or unintentional; but [if] the conduct is continued after the actor knows that the invasion is resulting from it, further invasions are intentional.' . . . Id., § 825, comment d." *Keeney* v. *Old Saybrook*, supra, 163–64.

Responding to our request for articulation in light of the existing record,[2] the trial court found that Old Saybrook had acted intentionally by failing to abate the public nuisance of pollution in the town. It found specifically that "Old Saybrook intentionally created the public nuisance because it knew that the public nuisance was resulting or substantially certain to result from its conduct . . . ." The court further found that Old Saybrook's "conduct continued after it knew by the issuance of [department of environmental protection] orders and by the conclusions of its own engineering reports that failing septic systems within the town were creating the public nuisance by causing pollution." The subordinate factual findings upon which the court relied included various engineering studies, dating back more than fifteen years, that documented the existence of a community pollution problem emanating from the repeated and apparently uncorrectible failure of many local septic systems and that recommended the construction of a wastewater treatment facility.[3] In materials prepared by Old Saybrook in 1989 to provide information to its townspeople in conjunction with a town referendum, Old Saybrook had stated: "Pollution problems have been identified over the past fifteen years. Many septic systems have failed and are creating a public health hazard." The voters' rejection of the

---

[2] On June 24, 1996, this court denied Old Saybrook's motion for reargument or reconsideration, in which Old Saybrook sought permission to present additional evidence to the trial court on remand.

[3] With respect to the probative value of this evidence, we observed, in *Keeney* v. *Old Saybrook*, supra, 237 Conn. 160 n.22: "Under other circumstances, the water pollution caused by individual septic systems could perhaps be remedied by repairing and maintaining those systems. [Specially commissioned environmental reports] however, indicated that Old Saybrook could not remedy its pollution problem simply by repairing and maintaining the individual septic systems because of the high groundwater table and the small size of many residential lots. Indeed, [one] report specifically concluded that a regional wastewater treatment facility would be the best solution. Old Saybrook has never questioned the scientific validity of these studies."

referendum caused Old Saybrook to commission a further study that again determined "that there is a serious problem that requires a structural solution." Old Saybrook nonetheless undertook no structural response to the water pollution problems that continue to exist.

Our review of the trial court's finding of fact that Old Saybrook intentionally created a public nuisance is limited to a determination of whether the court's finding was clearly erroneous. See Practice Book § 4061; *24 Leggett Street Ltd. Partnership* v. *Beacon Industries, Inc.*, 239 Conn. 284, 301, 685 A.2d 305 (1996); *Commissioner of Motor Vehicles* v. *DeMilo & Co.*, 233 Conn. 254, 278–79, 659 A.2d 148 (1995); *Keeney* v. *L & S Construction*, 226 Conn. 205, 212, 626 A.2d 1299 (1993). We are persuaded that the record at trial provides ample support for the finding of the trial court.[4] Accordingly, the judgment of the trial court in favor of the plaintiff is affirmed except with respect to modified order 4116, as noted in our prior opinion and mandate. See *Keeney* v. *Old Saybrook*, supra, 237 Conn. 169.

The judgment is reversed in part as previously ordered; with respect to the remaining orders in favor of the plaintiff, the judgment is affirmed.

---

[4] In response to our request for briefs from the parties with respect to the validity of the trial court's articulation, Old Saybrook has sought to raise further issues that allegedly put into question the trial court's subject matter jurisdiction to address the merits of the commissioner's claim under General Statutes §§ 22a-427 and 22a-14 et seq. We decline to consider these issues because they are beyond the scope of our order for additional briefing, which was limited to the merits of the trial court's articulation. For present purposes, it suffices to observe that affixing the label of subject matter jurisdiction to an issue does not suffice to cast doubt upon the actual jurisdiction of the Superior Court. See *Keeney* v. *Old Saybrook*, supra, 237 Conn. 142 n.7.