[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #123
On September 23, 1998, the plaintiff, Joanne Mounts, brought an amended three-count complaint against the defendant, West Corporation, d/b/a Taymack, d/b/a McDonald's, alleging that she CT Page 14195 suffered injuries after slipping and falling on snow and/or ice accumulated on a sidewalk of the defendant's restaurant. The defendant has moved to strike the second count on the grounds that it is legally insufficient in that it does not set forth sufficient facts to support a claim of public nuisance.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp. , 240 Conn. 576,580, 693 A.2d 293 (1997).
"A public nuisance exists if: 1) the condition complained of has a natural tendency to create danger and inflict injury upon person or property; 2) the danger created is a continuing one; 3) the use of the land is unreasonable or unlawful; and 4) the condition or conduct complained of interferes with a right common to the general public." Kenney v. Town of Old Saybrook,237 Conn. 135, 162-63, 676 A.2d 795 (1996), rev'd in part on other grounds,239 Conn. 786, 686 A.2d 991 (1997). "A nuisance is public where it affects the rights enjoyed by citizens as part of the public, that is, the rights to which every citizen is entitled . . ." (Citations omitted; internal quotation marks omitted.) Anzellottiv. National Amusements, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 546129 (December 2, 1996, Hennessey, J.). "The test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its rights." Couture v. Board of Education,6 Conn. App. 309, 315, 505 A.2d 432 (1986).
The plaintiff alleges that she "visited the premises of the defendant . . . for the purpose of having a meal. After exiting the restaurant building, she was walking upon a sidewalk of the McDonald's restaurant when she slipped and fell on ice and/or snow which had accumulated on said sidewalk . . ." (Amended Complaint, September 23, 1998, Second Count, ¶ 2.)
"One who enters premises at the express or implied invitation of a tenant does not come upon them in the exercise of any public right but is there by reason of a right extended to him by the CT Page 14196 tenant; and if injured, the visitor to the premises cannot base his right to recover upon the existence of a public nuisance."Webel v. Yale University, 125 Conn. 515, 524-25, 7 A.2d 215
(1939); See also Dahlestrom v. Roosevelt Mills, Inc.,27 Conn. Sup. 355, 238 A.2d 431 (1967). Sidewalks provided by businesses for customers' usage are not common to the entire public. Brownv. Shawmut National Corp. , Superior Court, judicial district of New Haven at New Haven, Docket No. 383347 (July 30, 1996, Corradino, J.)
As the plaintiff alleges that she was a business invitee who slipped and fell upon the defendant's sidewalk, the plaintiff has not alleged a public nuisance. Accordingly, the defendant's motion to strike the second count of the plaintiff's amended complaint is granted.
Martin, J.