[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDERRE: MOTION FOR SUMMARY JUDGMENT #105
The plaintiff moves for summary judgment on the ground that the mortgage agreement authorized the plaintiff to accelerate the total amount due on the note and to initiate a foreclosure action once the defendant defaulted on the note by failing to pay property taxes. See City Savings Bank of Bridgeport v. Dessoff,3 Conn. App. 644, 649-50, 491 A.2d 424, cert. denied 196 Conn. 811,495 A.2d 279 (1985) ("Once the plaintiffs intent to accelerate was declared, the acceleration provision became operable and [the defendant] could no longer bar the foreclosure by payment of any amount less than that specified in the acceleration provision of the mortgage."). The present matter is distinguishable from CitySavings Bank of Bridgeport v. Dessoff because it involves failure to pay property taxes, not failure to pay installment payments due under the terms of a note Subsequently, curing a default of failure to pay taxes may bar the enforcement of an acceleration clause. See Eberich v. Solomon, 112 Conn. 498, 503, 152 A. 823
(1931) (declining to enforce acceleration clause when failure to pay taxes "was not wilful, and did not endanger the plaintiffs security, while it was a breach of the condition of the mortgage, was one which, under the circumstances of the case, a court of equity might properly disregard."). Here, the defendant communicated to the plaintiff that it had failed to pay its property taxes due to a dispute with the city of Norwalk CT Page 3657 concerning an unrelated matter. Moreover, the defendant brought the payment of its property taxes current as of January of 1999. Consequently, a genuine issue of material fact exists as to whether the defendant's failure to pay taxes was wilful and endangered the plaintiff's security interest.
Accordingly, the court denies the plaintiff's motion for summary judgment.
MINTZ, J.