[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION FOR SUMMARY JUDGMENT
On May 7, 1997, Plaintiff Robert S. Degoursey, Jr. filed a Complaint in Seven Counts against the Town of Branford and others for negligence, nuisance by positive act and indemnification relative to injuries which he allegedly sustained from contact with a defective catch basis while playing basketball on May 3, 1995 on a town-owned recreational field. The defendants have filed a Motion for Summary Judgment.
From the pleadings, and the proof submitted in connection with the motion for summary judgment the court finds the facts set out in the discussion that follows. While playing basketball on a town recreation field, Plaintiff Robert S. Degoursey, Jr. ran off the court, stepped into a hole on the field that was approximately eight to ten inches deep and fell into an adjacent stone wall. He sustained severe shock to his nervous system and severely injured his ankle resulting in permanent disability and surgery to remove scar tissue. The medical costs associated with this incident amount to $20,367.18. The present action was instituted against the Town of Branford, Edward Masotta, its Director of Public Works, and Alex Palluzzi, the Director of Recreation.
As for the negligence claims, the plaintiff alleges that the Town of Branford and its employees negligently allowed water from the adjoining street to be piped onto the recreation field that eroded the hole in the ground around a catch basin, creating a hazard. The plaintiff further alleges that the Town and it's employees failed to design, construct, install and maintain the drainage pipe and catch basins and that this created a nuisance by creating an inherently and imminently dangerous condition. The plaintiff claims that the Town of Branford is liable pursuant to Connecticut General Statutes 52-557n(a)(1).
The defendants assert that since there are no statutes, ordinances, regulations, or directives specifically governing the manner in which drain pipes and catch basins are designed, maintained or inspected within the Town of Branford at the recreational facilities located at 160-164 Thimble Islands Road, their duties in this regard are discretionary, and as such they are protected by qualified governmental immunity. Additionally, the defendants assert the following other special defenses, namely, the statute of limitations, assumption of risk (nuisance) and that the plaintiff's injuries were a direct and proximate CT Page 11723 result of his own negligence, carelessness and heedlessness. Furthermore, the defendants assert that in the absence of liability that there is no right to indemnification pursuant to Connecticut General Statutes § 7-465.
Rule 17-49 of the Connecticut Practice Book states the following as to summary judgment: "[t]he judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The Appellate Court has reviewed the standards applied to each party and the trial court in responding to a motion for summary judgment.
 Although the burden of showing the nonexistence of any material fact is on the party seeking summary judgment, "the party opposing [summary judgment] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . ." (Internal quotation marks omitted.) Danziger v. Shaknaitis, supra; Nardi v. AA Electronic Security Engineering, Inc., 32 Conn. App. 205, 209, 628 A.2d 991
(1993); Cortes v. Cotton, 31 Conn. App. 569, 572-73, 626 A.2d 1306 (1993). In deciding motions for summary judgment, the trial court is obligated to construe the evidence in the light most favorable to the nonmoving party. Scrapchansky v. Plainfield, supra; Nardi v. AA Electronic Security Engineering, Inc., supra. The test to be applied is whether a party would be entitled to a directed verdict on the same facts. Gabrielle v. Hospital of St. Raphael, 33 Conn. App. 378, 383
(1994).
The plaintiff claims that the defendants are liable pursuant to Connecticut General Statutes section 52-557n(a)(1) which states that
"[e]xcept as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by:
 (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties."
 (B) An exception from the above is contained in subsection (2)(B) of the statute as follows: "Except CT Page 11724 as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."
By affidavit defendants Edward Masotta and Alex Palluzzi stated that to the best of their knowledge that "no statute, ordinances, regulations or directives specifically govern the manner in which drain pipes and catch basins are designed, maintained, or inspected within the Town of Branford at the recreation facilities located at 160-164 Thimble Islands Road." Plaintiff Degoursey, Jr. suggests that these assumptions fall short of the burden imposed by the foregoing case law and that Edward Masotta, Alex Palluzzi and the Town of Branford were directly responsible for said injuries to plaintiff.
Among the papers which the plaintiff submitted in opposition to the Motion for Summary Judgment is an affidavit of Richard A. Ziegler, P.E., a professional engineer. This affidavit states that — based upon certain assumptions — the catch basin was improperly designed and maintained, thus allowing erosion to create a hazardous recreational area.
Clearly any duty which the municipal defendants owed to the plaintiff is discretionary. The discharge of discretionary duties clothes the municipal official with qualified governmental immunity. Gordon v.Bridgeport Housing Authority, 208 Conn. 167 (1998).
In order to prevail, the plaintiffs' claim must fall within one of the recognized exceptions to qualified immunity for discretionary acts. The Supreme Court has stated that "[o]ur cases recognize three such exceptions: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Internal quotation marks omitted.) Purzycki v.Fairfield, 244 Conn. 101, 108 (1998). As in Purzycki, this court finds that the only exception for discretionary act analysis centers upon whether this tort action arises out of circumstances which created "likely imminent harm to an identifiable person." Id. Our Supreme Court has repeated the applicable standard.
"We have construed this exception to apply not only to identifiable CT Page 11725 individuals but also to narrowly defined identified classes of foreseeable victims." (Citation omitted) Moreover, we have established specifically that schoolchildren who are statutorily compelled to attend school, during school hours on school days, can be an identifiable class of victims." Purzycki, supra.
 In delineating the scope of a foreseeable class of victims exception to governmental immunity, our courts have considered numerous criteria, including the imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim. E.g., Evon v. Andrews, supra, 211 Conn. 507-508. Other courts, in carving out similar exceptions to their respective doctrines of governmental immunity, have also considered whether the legislature specifically designated an identifiable subclass as the intended beneficiaries of certain acts; see, e.g., Halvorson v. Dahl, 89 Wash.2d 673, 676, 574 P.2d 1190
(1978); whether the relationship was of a voluntary nature; McLeod v. Grant County School District, 42 Wash.2d 316, 319, 255 P.2d 360 (1953); the seriousness of the injury threatened; Irwin v. Ware, supra, 392 Mass. 756; the duration of the threat of injury; id.; and whether the persons at risk had the opportunity to protect themselves from harm. Id.
 Burns v. Board of Education, 228 Conn. 640, 647 (1994).
In the case of Fortune v. City of New London, 27 Conn. L. Rptr. 18 the plaintiff was injured when she struck a basketball post owned, designed and maintained by the defendant municipality. There were no regulations concerning the maintenance of the park, nor any requiring padding on the posts, distance between posts or the playing area. The Court found that the such decisions involving padding, distance and layout involved judgment and discretion and that the defendant, therefore, had qualified government immunity. A similar result was reached in the case of Couturev. Board of Education, 6 Conn. App. 309 (1986) where a citizen was injured while assisting in making line measurements in a student football game sponsored by two municipal high schools.
In his deposition Edward Masotta, the Director of Public Works for the Town of Branford, testified that he is responsible for the drainage system, including catch basins, but that he became aware of the problem with the particular catch basin from an inspection on June 19. This date was after the injury claimed in this case. The court notices that the CT Page 11726 complaint in this case does not allege that the plaintiff was required by governmental authority to have played basketball when where he was allegedly injured.
From the foregoing analysis, this court finds that the circumstances of this case do not rise to the level of creating an "imminent harm to an identifiable person," within the meaning of this exception to governmental immunity.
As for the nuisance claims, the plaintiff asserts that the defendants failed to keep the field in a safe condition, reasonably fit for use, and their failure to properly design, install and maintain the drain pipe and catch basis created a nuisance in that they created a condition which was inherently and imminently dangerous to persons such as the plaintiff who used the recreation field. The plaintiff asserts the application of § 52-557n(a)(1)(C) of the Connecticut General Statutes which provides that "except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance."
In this regard the plaintiff has submitted an affidavit of an engineer attesting to a conditional improper design and/or location of the catch basin in the area of the alleged fall and injury.
As articulated by our Supreme Court "[a] public nuisance exists if: (1) the condition complained of has a natural tendency to create danger and inflict injury upon person or property; (2) the danger created is a continuing (3) the use of the land is unreasonable or unlawful and (4) the condition or conduct complained of interferes with a right common to the general public. Kenney v. Town of Old Saybrook, 237 Conn. 135, 162
(1996), aff'd in part, rev'd in part 239 Conn. 786, 207 Conn. 177, 183,527 A.2d 688 (1987);
As has been noted by the State Supreme Court several times, "liability can be imposed on the municipality only in the event that, if the condition constitutes a nuisance, it was created by some positive act of the municipality." Brennan, et al v. Town of West Haven, 151 Conn. 689
(1964), See also Wright v. Brown, et al, 167 Conn. 464, 470 (1975); Lukasv. City of New Haven, 184 Conn. 205 (1981);)
Inasmuch as the plaintiff alleges that his injury was due to the defective design and/or location of the catch basin, the court finds that such an allegation sufficiently supported — for this purpose — by the affidavit of plaintiff's engineer creates a genuine issue of material fact as to whether the municipality created or participated CT Page 11727 in creating the nuisance as alleged.
Concerning the indemnification claim, the Town of Branford's obligation is secondary with the action being brought primarily against the town's employees. This action arises only for the purpose of indemnification of the town once the liability of the employees has been established. Baileyv. Town of Stratford, 29 Conn. Sup. 73, 75 (1970). Because the defendant employees of the Town of Branford are alleged to be responsible for the design of the recreational field, and to have thus created the nuisance in this case, resolution of the indemnification claim must await the resolution of the nuisance issue.
For the foregoing reasons the court issues the following orders:
1. The Motion for Summary Judgment is granted with respect to the cause of action in negligence.
2. The Motion for Summary Judgment is denied as to the cause of action in nuisance.
3. The Motion for Summary Judgment is denied as to the claim that indemnification may not be viable.
Clarance J. Jones, Judge